UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ADAM COTTONHAM, | No. C-11-3131 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| UNITED STATES EMBASSY, BANGKOK, THAILAND, | |
| Defendant. | |

## I. INTRODUCTION

Mark Adam Cottonham, an inmate at the Santa Rita Jail in Alameda County, filed this *pro se* civil action using the Court's form complaint for a civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Cottonham alleges in his complaint that when he went to the U.S. Embassy in Bangkok, Thailand, on March 7, 2011 to obtain more pages for his passport, his passport was taken from him without explanation. He further alleges that he was arrested by Thai police, charged with a "3 day over stay and having no passport," and incarcerated in an unpleasant Thai jail for eight days. Complaint, p. 3.

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

1  § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims
2  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
3  monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro*
4  *se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
5  (9th Cir. 1990).

6  Cottonham used the Court's form for a civil rights action under 42 U.S.C. § 1983, but his
7  claim plainly is not one under § 1983 because he does not allege that a "person acting under color of
8  state law" deprived him of a right secured by the Constitution or laws of the United States. *See West*
9  *v. Atkins*, 487 U.S. 42, 48 (1988). Instead, his claim is a tort claim against the United States (acting
10 through its agency, the United States Embassy) and governed by the Federal Tort Claims Act.

11 In 1946, Congress passed the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680
12 ("FTCA"), which waived the sovereign immunity of the United States for certain torts committed by
13 federal employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471,
14 475-76 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions
15 against the United States for money damages "for injury or loss of property, or personal injury or
16 death caused by the negligent or wrongful act or omission of any employee" of the federal
17 government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1).
18 The FTCA has several exceptions to that waiver of sovereign immunity, one of which applies here.
19 Specifically, the FTCA waiver of immunity does not apply to acts or omissions of the United States
20 "arising in a foreign country." 28 U.S.C. § 2680(k). This exception applies even if "the tort occurs
21 in a foreign area under United States control." *Nurse v. United States*, 226 F.3d 996, 1003 (9th Cir.
22 2000). The foreign country exception "bars all claims based on any injury suffered in a foreign
23 country, regardless of where the tortious act or omission occurred." *Sosa v. Alvarez-Machain*, 542
24 U.S. 692, 712 (2004).

25 Cottonham cannot pursue a claim for the alleged wrongful confiscation of his passport by the
26 U.S. Embassy in Bangkok because his claim is for an act or omission of the United States (though its
27 agency, the U.S. Embassy) arising in a foreign country. The United States has not waived sovereign
28 immunity for such a claim. Accordingly, this action must be dismissed because the Defendant has

immunity against Plaintiff's complaint. Leave to amend will not be granted because it would be futile: Cottonham could not plead around the sovereign immunity bar to his claim.

### IV. CONCLUSION

The complaint is **DISMISSED** with prejudice because the United States has immunity against Plaintiff's complaint. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: November 9, 2011

_____
EDWARD M. CHEN
United States District Judge